```
            UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF ALABAMA
                   MIDDLE DIVISION
```

J. W. COLE, et al.,           }
                              }
     Plaintiffs,              }
                              }    CIVIL ACTION NO.
     vs.                      }
                              }    CV 97-AR-0866-M
MUTUAL PROTECTIVE INSURANCE   }
COMPANY, et al.,              }
                              }
     Defendants.              }

**ENTERED**

APR 2 3 1997

**MEMORANDUM OPINION**

The court has before it the motion of plaintiffs to remand the above-entitled action.  Defendants filed a notice of removal on April 9, 1997, purporting to remove the case on diversity grounds, asserting that non-diverse defendant, James W. Hallcox ("Hallcox"), was fraudulently joined.  Plaintiffs then filed their present motion, claiming a lack of diversity.  The question becomes whether plaintiffs have stated a claim against Hallcox under Rule 12(b)(6) analysis.

Plaintiffs are the master of their complaint and at liberty to choose a federal or a state forum if either forum is available. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987).  Access to a federal court is more limited than access to a state court.  Under circumstances like these, the removing party bears the burden of demonstrating that the joinder of the resident defendant is fraudulent.  *See Cabalceta v. Standard*

*Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). In order to establish fraudulent joinder defendant must demonstrate that plaintiff, on the face of the complaint, cannot establish a cause of action against any resident defendant or that plaintiff has with actual fraudulent intent pled erroneous jurisdictional facts in order to bring a resident defendant into state court. *Id*. If there is "a possibility that a state court would find that the complaint states a cause of action against . . . any resident defendant[], the federal must find joinder was proper and remand the case to state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983)(citation omitted).

It is clear to this court that the state court here could find that named plaintiffs, J.W. Cole and Omatine D. Cole, have asserted a facially viable cause of action against Hallcox. *See Boswell v. Liberty National Life Insurance Co.*, 643 So. 2d 580 (Ala. 1994)(holding that plaintiffs stated a cause of action even though they did not file a claim on the policy). Furthermore, it is clear and undisputed that named plaintiffs and Hallcox are residents of the State of Alabama and necessarily non-diverse. Plaintiffs' motion to remand will be granted for lack of jurisdiction in this court.

While this court cannot, due to a lack of subject matter jurisdiction, rule upon defendants' hopeful motion to vacate the conditional class certification order, the court gratuitously

2

voices serious concerns about the constitutionality of granting a conditional class certification without notice to defendants, evidence or a evidentiary hearing on the question. Denying defendants notice and opportunity to be heard on class certification, even tentatively, raises due process implications that may ultimately be the undoing of any class that may be finally certified pursuant to the present Alabama procedure. The matter will most assuredly end up in the Supreme Court of Alabama and, if not held unconstitutional then, in the Supreme Court of the United States.

DONE this 23rd day of April, 1997.

WILLIAM M. ACKER, JR
UNITED STATES DISTRICT COURT

3